IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

SAN JUAN BAUTISTA MEDICAL CENTER,
CORP.

DEBTOR

_____

SAN JUAN BAUTISTA MEDICAL CENTER,
CORP.

PLAINTIFF

VS.

PUERTO RICO ELECTRIC POWER AUTHORITY

DEFENDANT

CASE NO. 11-02270 BKT

Chapter 11

ADV. NO.: 11-100

**FILED & ENTERED ON 07/26/2012**

OPINION & ORDER

This proceeding is before the court upon Defendant's Motion Requesting Reconsideration of Order Denying Motion for Summary Judgment [Dkt. No. 62] and the Plaintiff/Debtor's Opposition to PREPA's Motion for Reconsideration for Failure to comply with either F.R.C.P. 59 or F.R.C.P. 60 [Dkt. No. 63]. In essence, the Defendant requests that the court reconsider its ruling entered on June 1, 2012 [Dkt. No. 55], under the Federal Rules of Civil Procedure, Rule 59(e). For the reasons set forth below, the Defendant's Motion Requesting Reconsideration of Order Denying Motion for Summary Judgment is hereby DENIED.

On April 26, 2011, San Juan Bautista Medical Center ("Plaintiff") filed a complaint against the Puerto Rico Electric Power Authority ("Defendant") for declaratory judgment under 28 U.S.C. § 2201, and injunctive relief under 11 U.S.C. § 362 and 11 U.S.C. § 105 [Dkt. No.1].  Defendant, Plaintiff and Intervenor: Escuela de Medicina San Juan Bautista filed simultaneous Motions for Summary Judgment [Dkt. No. 43, 44 & 45]. Plaintiff filed Debtor's statement on

supplemental briefing beyond the simultaneous Motions for Summary Judgment already filed [Dkt. No. 49] and Defendant filed an Opposition to Debtor's Motion for Summary Judgment and Memorandum of Law in support thereof [Dkt. No. 50].

The motions for summary judgment were denied. The court found that there was a disputed material fact that exists for trial. Specifically, whether the funds consigned in the amount of $400,000 by the San Juan Bautista School of Medicine with the Caguas Court of First Instance are property of the estate [Dkt. No. 55].

Defendant argues in its motion for reconsideration that there is no material fact in dispute with respect to the funds consigned in the amount of $400,000 by the San Juan Bautista School of Medicine with the Caguas Court of First Instance.  The Defendant alleges that the funds were not part of the estate because the funds were consigned with the court by a party different from the Plaintiff, who has not filed for bankruptcy, and was not protected by the automatic stay at the time of the consignation. Defendant also argues in the alternative that if Article 1134 of the Puerto Rico Civil Code was applicable to the factual events in this case, Plaintiff would have been able to withdraw the funds consigned and returned them to the estate, which the Plaintiff made no effort to do. Both of these theories were previously proffered and rejected by this court.

"The Federal Rules of Civil Procedure do not specifically provide for the filing of motion for reconsideration." **Sanchez-Perez v. Sanchez-Gonzalez, 717 F.Supp.2d 187 (D. Puerto Rico, 2010)**. The federal courts have consistently stated that a motion so denominated which challenges the prior judgment on the merits will be treated as either a motion 'to alter or amend' under FRCP 59 or a motion for 'relief from judgment' under FRCP 60. **Equity Security Holders' Committee v. Wedgestone Financial, 152 B.R. 786, 788 (Bkrtcy.D.Mass.1993)**. "These two rules are distinct; they serve different purposes and produce different consequences.

Which rule applies depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e).[1] If the motion is served after that time it falls under Rule 60(b)." In re Rodriguez, 233 B.R. 212, 218–19 (Bankr.D.Puerto Rico 1999). In the instant case, Defendant's motion to amend the judgment was filed ten (10) days after the Court's judgment, as per Fed. R. Civ. P. 6(a). The Defendant argues 'mistake of law or fact' which is a determinative factor under both Rules. Therefore, the motion will be construed as one pursuant to FRCP 59(e) which is made applicable to bankruptcy cases by FRBP 9023. In seeking reconsideration, "the moving party must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004)). The First Circuit in Marie also cited a leading treatise, highlighting the following four grounds for granting a motion for reconsideration under Fed. R. Civ. P. 59(e): (1) manifest errors of law and fact; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and, (4) an intervening change in controlling law.  402 F.3d at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).  Under Rule 59, reconsideration of a judgment is an extraordinary remedy, which is used sparingly and only when the need for justice outweighs the interests set forth by a final judgment.  The underlying policy of reconsideration is to provide a court with a means to correct its own errors. White v.New Hampshire Dept. of Employment Sec., 455 U.S. 445, 450 (1982). Conversely, Rule 59(e) does not exist to allow parties a second chance to prevail on the merits.  Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). Indeed, Rule 59(e) is not an avenue for litigants to reassert arguments and theories that were previously rejected by the

---

1 The Rules now allow for fourteen days instead of ten from the entry of judgment.

Court. *Id.* at 616. The party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Aybar, et al. v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir.1997). As the First Circuit noted in Harley-Davidson Motor, the rule is "aimed at reconsideration, not initial consideration." *Id.* at 616. (citing New Hampshire Dept. of Employment Sec., 455 U.S. at 450). See also, Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1999) (Rule 59(e) does not allow losing party to rehash old arguments, previously considered and rejected).

In its motion to reconsider, Defendant does not "clearly establish a manifest error of law or… present newly discovered evidence" in its motion to alter or amend judgment. Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004)). Because Defendant fails to establish any of the factors required, this court finds that the Defendant is not entitled to reconsideration.

WHEREFORE, IT IS ORDERED that the Defendant's Motion Requesting Reconsideration of Order Denying Motion for Summary Judgment shall be, and it hereby is, DENIED.

IT IS SO ORDERED.

San Juan, Puerto Rico this 26 day of July, 2012.

Brian K. Tester
U.S. Bankruptcy Judge

CC:   ALL CREDITORS